UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Ronald Sciortino on behalf of himself *and* all *others* similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO.: |
| Barrett Daffin Frappie Levin & Brock, LLP, | : : : | CLASS ACTION COMPLAINT |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## PLAINTIFF'S CLASS ACTION COMPLAINT FOR VIOLATING THE FAIR DEBT COLLECTION PRACTICES ACT

**COMES NOW**, the Plaintiff, Ronald Sciortino, and files this Class Action Complaint against the above named Defendant, showing the Court as follows:

### INTRODUCTION

1.

This action seeks damages for unlawful collection practices by Defendant law firm Barrett Daffin Frappie Levin & Brock, LLP, (hereinafter "BDFLB") in violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1601 *et seq*. BDFLB violated the FDCPA by failing to identify the actual creditor in debt collection communications covered by the FDCPA and by falsely stating that Nationstar Mortgage, LLC. (hereinafter "Nationstar") was the creditor of Plaintiff and other similarly situated debtors when in fact Nationstar was not the

-1-

creditor of Plaintiff or the other debtors, but was only the servicer, and in fact itself a debt collector (as defined in the FDCPA), of the Plaintiff's mortgage debt for Federal National Mortgage Association (hereinafter "Fannie Mae")

## PARTIES

2.

Plaintiff Ronald Sciortino owns the real property that is the subject of the dispute complained about herein and is a resident of Gwinnett County, Georgia.

3.

Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a(3), in that Defendant sought to collect from Plaintiff a debt that was for personal, family or household purposes.

4.

Defendant law firm BDFLB is engaged in the business of collecting on promissory notes in default for mortgage servicers and other entities such as trustees for mortgage backed securities, Fannie Mae and Freddie Mac. Defendant may be served with a copy of the summons and complaint through its registered agent CT Corporation System located at 1201 Peachtree St N.E. Atlanta 30361.

5.

Defendant is a debt collector as defined in 15 U.S.C. § 1692a(6) because it uses the mail system in business or other instrumentalities of interstate commerce, the principal purpose of which, is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## JURISDICTION AND VENUE

6.

The court has jurisdiction to grant the relief sought by Plaintiff pursuant to 15 U.S.C. § 1692k(d).

7.

Venue in this court is proper in that defendant directed its collection efforts into the Northern District of Georgia and the named Plaintiff resides within the Northern District of Georgia.

## FACTUAL ALLEGATIONS

8.

On or about September 29, 2006 Plaintiff executed a promissory note in favor of Pensacola Guarantee Mortgage in the amount of three hundred seventy one thousand six hundred dollars ($371,600) that stated *inter alia* the failure to make any monthly payment on its due date shall be declared a default.

9.

Plaintiff did not tender the July 2010 or the August 2010 payments, went into default in July 2010 and is still in default pursuant to the terms of the note.

10.

Nationstar received an assignment of the Plaintiff's servicing rights on or about December 10, 2010, while the note was in default solely for the purpose of facilitating collection of such debt for Fannie Mae.

11.

NationStar is a debt collector as defined by the FDCPA with respect to the Plaintiff's debt because it used the mail system in business or other instrumentalities of interstate commerce, the principal purpose of which, is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12.

On or about November 5, 2011, Plaintiff received a letter ("Letter"). A true and correct copy of the Letter is attached hereto as Exhibit "A" and incorporated herein by this specific reference.

13.

The Letter notified Plaintiff that BDFLB was authorized to "[i]nitiate legal proceedings in connection with the collection" of the debt.

14.

In addition the Letter stated in bold capital letters "[BARRETT DAFFIN FRAPPIER LEVINE & BROCK, LLP] IS A DEBT COLLECTOR ATTEMEPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."  (emphasis in the original).

15.

The Letter also *inter alia* demanded immediate payment of approximately three hundred eighty five thousand nine hundred sixty dollars and forty cents ($385,967.40).

16.

The Letter failed to disclose the name of the actual creditor to whom Plaintiff owed the debt.

17.

On or about November 6, 2011, Plaintiff received a second letter ("Second Letter"). A true and correct copy of the Second Letter is attached hereto as Exhibit "B" and incorporated herein by this specific reference.

18.

The Second Letter also advised Plaintiff in bold capital Letters that "[BARRETT DAFFIN FRAPPIER LEVINE & BROCK, LLP] IS A DEBT COLLECTOR ATTEMEPTING TO COLLECT A DEBT.  ANY

INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

(emphasis in the original).

19.

The Second Letter demanded immediate payment of approximately three hundred eighty-six thousand thirty-six dollars and twelve cents ($386,036.12).

20.

The Second Letter identified the "lender" as to whom the debt was owed, as Nationstar, the mortgage servicer and not the actual creditor as that term is defined in the FDCPA.

21.

Upon information and belief, Defendant has mailed to Georgia through interstate commerce similar communications to debtors covered by the FDCPA without revealing the creditor or by falsely identifying the mortgage service provider as the creditor.

22.

Nationstar received the assignment or transfer of the servicing rights described in the Letter and Second Letter while the debt was in default and solely for the purpose of facilitating collection of such debt for Fannie Mae as evidenced by Exhibit "C" attached hereto incorporated herein by this specific reference.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

23.

Plaintiff repeats and realleges the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by this specific reference as though set forth herein in full.

24.

Pursuant to 15 U.S. C. § 1692e a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

25.

Defendant failed to disclose the name of the creditor to whom Plaintiff allegedly owed the debt set forth in the Letter and Second Letter in violation of 15 USC 1692g(2).

26.

Defendant violated 15 U.S.C. § 1692e because it misrepresented that the mortgage servicer, Nationstar, was the lender or creditor when entities in their position are specifically excluded from the definition of creditor under the FDCPA.

27.

By reason of the conduct alleged herein, Defendant is liable to Plaintiff under 15 U.S.C. § 1692k for actual damages and statutory damages of up to one thousand dollars ($1,000) per violation pursuant to 15 U.S.C. 1692k *et seq*.

## COUNT II
## CLASS ACTION FOR VIOLATION OF FDCPA

28.

The named Plaintiff and others similarly situated to him, repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by reference as though set forth herein in full.

29.

Upon information and belief, Defendant mailed similar form letters or used interstate commerce to communicate with similar debtors about collection activities covered by the FDCPA without disclosing the name of the actual creditor to whom the debt was owed.

30.

Upon information and belief, Defendant mailed similar form letters or used interstate commerce to communicate with similar debtors about collection activities covered by the FDCPA containing misrepresentations as to the name of the actual creditor in violation of the FDCPA.

31.

Plaintiff also brings this claim on behalf of a proposed class, consisting of:

(a) all natural persons who were "consumers" as defined by the FDCPA;

(b) were sent letter(s) from Defendant identical to or substantially similar to the ones attached hereto as Exhibits "A" and/or "B");

(c) that either failed to disclose the name of the actual creditor or stated a mortgage servicer was the creditor to which the putative class member owed a debt and;

(d) the creditor (as defined in the FDCPA) was in fact Fannie Mae, Freddie Mac or a trustee for a mortgage backed security;

(e) to a Georgia address; and

(f) on or before a date one year prior to the filing of this amended complaint.

32.

Plaintiffs seek class action certification and are authorized to maintain this suit as a class action pursuant to 15 U.S.C. § 1692k(a)(2)(B) and the Federal Rules of Civil Procedure 23(b)(1); 23(b)(2) and 23(b)(3).

33.

The persons included in each Class set out above are so numerous that joinder of all parties is impractical.

34.

Upon information and belief there are more than five hundred (500) members of the proposed class. More precise information concerning the size and identification of class members will be obtained through discovery and set forth in

Plaintiffs subsequent Motion for Class Certification.

35.

The claim of each potential class member is relatively small, such that it is not economically feasible to bring individual actions for each member of the class.

36.

Plaintiff's claims are typical of the claims of the proposed class members.

37.

The questions of law and fact which are common among members of the class are whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* by sending a notice pursuant to the FDCPA to thousands of consumers in Georgia that contained a false, deceptive or misleading representation or means by stating the mortgage servicer was the putative class members creditor, or by failing to identify the true creditor entirely.

38.

The questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to any other method of fair adjudication of the class presented.

39.

The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to

individual members which would establish incompatible standards of conduct for the party opposing the class.

40.

The representative party and their counsel will take those actions necessary to protect the interests of the class members.

41.

Plaintiff has retained counsel with experience in prosecuting and maintaining class actions, complex litigation and consumer protection statutes.

42.

The basis for class certification under Rule 23(b)(1)(A) is that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants.

43.

The basis for class certification under Rule 23(b)(1)(B) is that adjudication with respect to individual members of the class would be, as a practical matter, dispositive of the interests of the other members not parties to the adjudications.

44.

The basis for class certification under Rule 23(b)(2) is that the Defendant has refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Statutory damages for the Plaintiff and each member of the class;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff and the putative class member request a trial by jury on all of their claims so triable.

Respectfully submitted this 17th day of April, 2012

/s/Stephen Minsk
Minsk & Associates, LLC.
Mr. Steven Minsk
State Bar No. 511366
1451 Biltmore Drive N.E.
Atlanta, GA  30329
770 -861-7201 Telephone
Attorney for Plaintiff
stephenminsk@minsklaw.com

/s/Ainsworth G. Dudley
Ainsworth Dudley
State Bar No. 231745
4200 Northside Parkway
Bldg. 1, Ste. 200
Atlanta, GA  30327
(404) 687-8205
Attorney for Plaintiff
dudleylaw@imnisp.com